[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dissolution of marriage action was commenced by the complaint of the plaintiff, Susan R. Rivera, dated May 1, 1992, with a return date of May 26, 1992. The plaintiff is representing herself. On September 22, 1992, the plaintiff filed a Motion for Alimony Pendente Lite. Also, on September 22, 1992, the plaintiff claimed the matter for the uncontested list. Then on October 27, 1992, the defendant, Raymond Rivera, appeared through his attorney. On January 30, 1993, the plaintiff claimed the matter for the limited contested list. On February 16, 1993, the plaintiff filed a withdrawal of her claim to the uncontested list. Then, on March 1, 1993, the plaintiff again claimed the matter for the limited contested list. On May 11, 1993, the defendant filed a cross complaint and on September 29, 1993, he filed an answer to the plaintiff's complaint. Trial commenced in the matter on September 16, 1993, but was recessed on that date, so that the plaintiff could consult a doctor concerning possible surgery she might need. After doing this, the plaintiff informed the court on September 24, 1993 that she did not need surgery. The trial then recommenced on September 29, 1993, when it was tried to a conclusion. Both parties testified during the trial.
The parties were married on September 29, 1972, in CT Page 9858 Waterbury, Connecticut. Each party has resided in the State of Connecticut for at least one year prior to the commencement of this action. Neither party nor their children has ever received State assistance. Both parties testified that the marriage has broken down irretrievably. There were three children born of the marriage, two of whom are minors, namely, Stacey E. Rivera, born March 11, 1976, and Carmenmaria Rivera, born April 18, 1986.
The plaintiff testified that there have been problems in the marriage for many years due to the fact that the defendant has had a girlfriend. The defendant denies this and testified that the plaintiff put him out of the family home in late April 1989. The defendant testified that on the night of June 6, 1989, he was shot by an unknown party or parties and as a result, spent one hundred fifty-three (153) days in a hospital. He stated that as a result of this shooting, he almost had his left leg amputated. Then and now, he worked as a Corrections Officer for the State of Connecticut. Presently he is assigned to the Garner Correctional Institution in Newtown, Connecticut, where he earns $670.82 gross salary per week. He testified that as a result of recent prison disturbances he has been treated for Post-Traumatic Stress Reaction. Mrs. Rivera testified that she graduated from high school and is a secretary by profession. However, she testified she has to become more knowledgeable in computers if she is going to pursue her career as a secretary. Presently, she works twenty (20) hours per week as a laundry aid for which she is paid $5.20 per hour, with no benefits. She last worked full time as an executive secretary at the local YWCA. She left that position in November 1991 because of stress related to the job and her children.
The parties purchased a home at One Crownbrook Drive, Waterbury, Connecticut, in March 1988, for $46,900.00. Mrs. Rivera testified that the down payment for this home of $3,000.00, or $3,500.00 was loaned to the parties by her mother. To date, the parties have not paid back her mother any of this sum.
In 1989, the defendant filed bankruptcy and wanted the plaintiff to file jointly with him. She refused because she thought that they could resolve their financial problems. Mr. Rivera said he filed bankruptcy because he was out of work due to the shooting mentioned hereinbefore. He stated he listed all his debts on his bankruptcy petition except for $12,500.00 due CT Page 9859 to two doctors who saved his leg from amputation, as hereinbefore mentioned. He testified these doctors were good to him and he did not want to hurt them, and further, he knew he would need them in the future. The debts totalling $4,500.00 on the defendant's financial affidavit represent the balance still due and owing to those doctors. He stated his insurance paid all of his medical bills of approximately $240,000.00 from the said shooting, except for the aforementioned $12,500.00 to the doctors.
The plaintiff stated she filed a separate bankruptcy petition in 1989, after the defendant had filed his petition. She did not list the debt owed to her mother on her bankruptcy petition. She also was not sure if she reaffirmed her debt due to Sears Roebuck and Company after she filed said bankruptcy petition. That debt is $2,600.00. She said she has received no bills from them since approximately June 1992.
The youngest child, Carmenmaria, is being treated at Newington Children's Hospital for a potentially serious illness. The defendant has life insurance through his place of employment and currently names his three children as equal beneficiaries on said policy. The court would state here that both parties genuinely care and love their children. The court was impressed with the fact that there was little disagreement between the parties when it concerned their children.
After hearing the evidence, the court finds that the marriage of the parties has broken down irretrievably.
The parties agreed and the court orders that custody of the minor children is awarded to the plaintiff.
The parties agreed and the court orders that the defendant shall have visitation with his daughter, Carmenmaria, every other weekend from Friday at 4 p. m. until Sunday at 5 p. m. If a visitation weekend should fall on a long weekend, then visitation will be extended to Monday at 5 p. m. on said weekend. In addition, the defendant shall have visitation for two weeks each summer, provided the defendant notifies the plaintiff at least thirty (30) days in advance as to which two weeks it shall be. As to the holidays, both parties agreed that they will work out a holiday visitation schedule themselves.
The parties agreed, and the court orders that each shall CT Page 9860 retain the personal property that is now in their possession.
The parties agreed and the court orders that the defendant shall pay to the plaintiff the sum of Ninety-seven dollars and fifty cents ($97.50) per week for each minor child, for a total support order of One hundred ninety-five ($195.00) dollars per week. This is in accordance with the State of Connecticut Child Support Guidelines. The financial statement filed by the parties shows that the plaintiff's net weekly income is One hundred ninety-five ($195.00) dollars per week and the defendant's is Four hundred forty-two dollars and seventy-five cents ($442.75).
The court orders the defendant to pay to the plaintiff the sum of Five thousand ($5,000.00) dollars as lump sum alimony, payable one-half, or Two thousand five hundred ($2,500.00) dollars six months from this date, and one-half, or Two thousand five hundred ($2,500.00) dollars twelve months from this date. Further, the court orders that the defendant shall pay periodic alimony of One Dollar ($1.00) per week to March 11, 1994. Thereafter, said alimony shall increase to One hundred ($100.00) dollars per week until terminated as hereinafter set forth. This periodic alimony shall terminate on the first of the following events: ten years from date, remarriage of the plaintiff, death of the plaintiff or defendant, or the cohabitation by the plaintiff with another person.
The parties own a home at One Crownbrook Drive, Waterbury, Connecticut, which they purchased in March 1988 for $46,900.00. The down payment on said home was $3,000.00 or $3,500.00, and came from a loan the plaintiff's mother made to the parties. This loan has not been paid back as of this date. When the parties separated in approximately April 1989, the defendant left the marital home and has not lived there since then. The plaintiff testified that in April 1992, the house mortgage went into default and her mother paid $2,361.58 to bring it current at that time. In addition, the plaintiff's mother also lent the parties another $1,000.00, so that she is owed a total of $6,861.58 by the parties. The plaintiff testified that the mortgage payments for August and September 1993 have not been paid. The monthly payment of the mortgage which also includes insurance and taxes is $574.08 per month. Thus, $1,148.16 is now due for August and September 1993. There is also a lien on said home for water bills due the City of Waterbury, in the amount of $3,036.37. The plaintiff testified this lien resulted CT Page 9861 from leaky water pipes in said home during 1991 and 1992. The plaintiff lists this as a debt on her financial affidavit. On her financial affidavit, the plaintiff lists the fair market value of the marital home at $46,900.00, and lists the mortgage owed thereon as $41,700.00. The defendant, on his financial affidavit, lists the fair market value of said home as $49,000.00, with a mortgage of $38,000.00 owed thereon. The court orders the defendant to quit claim his interest in the marital home to the plaintiff and she is to hold him harmless from any liability on the mortgage due thereon, on the mortgage payments due for August and September 1993, totalling $1,148.16, and on said aforementioned water lien for $3,036.37.
The plaintiff shall be responsible for the loan due to her mother, totalling $6,861.58, and she shall save the defendant harmless from any liability thereon.
The plaintiff has $46,000.00 in life insurance insuring his life through his employment. The defendant wishes to and the court orders that the defendant shall name the three children of the parties, including the oldest child, Ramona Nellie Rivera, who has reached her majority, as equal beneficiaries of said insurance policy for as long as the defendant has an obligation to pay support for any of his children. When his obligation to pay child support hereunder terminates, then he may name whomever he wishes as the beneficiary(ies) of said life insurance policy.
The court orders the defendant to provide medical insurance coverage for the benefit of his minor children, which policy shall be at least equal in benefits to the medical insurance policy he now has as a part of his employment with the State of Connecticut. The court orders that the non-reimbursed medical expenses of any minor child of the parties, including any medical, dental, orthodontal, psychological or psychiatric bills shall be paid equally by each party.
The court orders that each party shall be responsible for their debts as listed on their financial affidavits and shall save the other party harmless for any liability thereon.
The defendant owns a 1988 Chevrolet Spectrum automobile, and the court orders that that shall remain his property.
The court has not set out any specific visitation schedule CT Page 9862 for the defendant and his daughter, Stacey E. Rivera, because she will reach her eighteenth (18th) birthday on March 11, 1994. The court believes that Stacey and her parents will be able to work out a visitation schedule with her father which is acceptable to all of them.
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, J.